Pleas O. HARDWICK et al., Appellants,

v.

F. B. JACKSON, Jr., Appellee.

No. 15451.

Court of Civil Appeals of Texas.

Dallas.

July 11, 1958.

J. B. Sallas, Crockett, for appellants.

J. Howard Lennon, Dallas, for appellee.

DIXON, Chief Justice.

Appellant Pleas O. Hardwick and others brought suit against appellee F. B. Jackson, Jr., for damages allegedly arising out of a breach of contract to drill an oil and gas well. The appeal is from a judgment that appellants take nothing.

On July 10, 1954, appellants made two oil and gas leases to appellee Jackson for $12,000, cash bonus ($100 per acre) and an agreement to drill two wells. Jackson paid the $12,000 bonus and drilled one well, which was a dry hole. He did not drill the second well.

In their petition appellants alleged that their damage by reason of the breach was $15,000, the cost of drilling the second well. Appellants introduced evidence showing that the cost of drilling the well would have

been $12,900. Appellee filed only a general denial, and offered no evidence at all.

The trial court filed findings of fact and conclusions of law, which included the following finding: "The evidence does not show that Plaintiffs suffered any recoverable damages and I find that the plaintiffs have not been damaged."

Appellants present only one point on appeal: "The Trial Court erred in failing to award appellants damages in the amount of Twelve Thousand Nine Hundred ($12,900.00) Dollars."

Appellee contends that the point of error is too general to require our consideration because it does not segregate and identify the particular proceedings in the trial court wherein it is contended error was committed. Appellee's position is well taken. Commercial Travelers Casualty Co. v. Perry, Tex.Civ.App., 281 S. W.2d 130 (Syl.1); City of Deer Park v. State ex rel. Shell Oil Co., 154 Tex. 174, 275 S.W.2d 77–85; Novita Oil Company v. Smith, Tex.Civ.App., 247 S.W.2d 151–153; Kendall v. Johnson, Tex.Civ.App., 212 S.W.2d 232–235.

However, lest we be mistaken in the above conclusion, we have examined the record, and have found no reversible error. Appellants did not plead special damages. The measure of damages on which they base their claim in both their pleadings and their evidence is the probable cost of drilling the well. This was formerly accepted in this State as the correct measure of damages in such cases. Texas Pacific Coal & Oil Co. v. Stuard, Tex.Civ.App., 7 S.W.2d 878. But the rule has been repudiated. Riddle v. Lanier, 136 Tex. 130, 145 S.W.2d 1094.

The accepted measure of damages now is the value to the injured party of performance of the contract—that is, damages which would put the injured party in the same position as nearly as possible as he would have been in had the well been

drilled. In Guardian Trust Co. v. Brothers, Tex.Civ.App., 59 S.W.2d 343, 345, the court said: "The only way to put appellants in the position they would have been put by performance would be to award them damages measured by the value of their royalty. The burden was upon them to establish that value, but they offered no evidence thereof."

The trial court's finding that the evidence does not show that appellants suffered any recoverable damages is borne out by the record.

The judgment of the trial court is affirmed.

Affirmed.