Travis ALSTON, Appellant,

v.

Hubert RHOADES et al., Appellees.

No. 13353.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 10, 1958.

Richard C. Keene, San Antonio, for appellant.

Jack Sims, San Antonio, for appellees.

BARROW, Justice.

This suit was originally filed by Hubert Rhoades against Mildred Martha Rhoades, seeking a divorce and property settlement, and alleging, among other things, that 109 acres of land in Wilson County was community property of said parties. The defendant, Mildred Martha Rhoades, filed a cross-action for divorce and, among other things, alleged that the 109 acres involved was no part of the community estate of the parties, but belonged to her father, Travis Alston. Travis Alston intervened in the case and sought to recover the land as his property. The case was tried to the court and judgment was rendered granting a divorce to the defendant, Mildred Martha Rhoades, awarding custody of the children, and adjusting the property rights between plaintiff and defendant, none of which are involved in this appeal. The court also denied any recovery to the intervener, Travis Alston, and decreed that the land in question was community property of plaintiff, Hubert Rhoades, and his wife, Mildred Martha Rhoades. Intervener, Travis Alston, alone has appealed from that part of the judgment denying him a recovery of the land. The parties will be designated as they were in the trial court.

Intervener predicates this appeal upon one point, in which he asserts that the judgment of the court in awarding the 109 acre tract of land is contrary to law.

We are of the opinion that appellant's point is too general to require consideration. Rule 418, Texas Rules of Civil

Procedure. Nevertheless, we have considered appellant's complaint in the light of the record before us. The record shows that the 109 acres was originally part of a tract of 315 acres owned by Travis Alston, his brother, Ansel Alston, and his sister, Lydia Beaty, the legal title to which was in the name of Lydia Beaty. The entire tract of land was incumbered with a lien. About the 7th day of March, 1953, Lydia Beaty, at the request and under the direction of Travis Alston, conveyed the 109-acre tract of land to Hubert Rhoades and wife, Mildred Martha Rhoades. Hubert Rhoades and wife executed new notes and a lien to cover the indebtedness against that part of the 315 acres of land, and later executed another note and lien to make improvements on the 109-acre tract.

The intervener, Travis Alston, contended in the trial court, and here contends, that the deed from Lydia Beaty to Hubert Rhoades and wife was intended as a trust deed, that the land was to be held by them in trust for his use and benefit, and that the equitable title was to be held by intervener.

On the other hand, plaintiff contends that the deed was intended as a bona fide sale and conveyance of the land to him and his wife.

No findings of fact and conclusions of law were requested or filed. The facts were disputed, but we need not burden this opinion with an extended recitation of the evidence. There is evidence in the record which supports the judgment rendered by the trial court, and we must presume that all fact issues having support in the evidence were found in support of the judgment. State v. Balli, 144 Tex. 195, 190 S.W.2d 71, certiorari denied 328 U.S. 852, 66 S.Ct. 1341, 90 L.Ed. 1624; Williams v. Ritcheson, Tex.Civ.App., 212 S.W.2d 813; Wilkinson v. Paschall, Tex.Civ.App., 210 S.W.2d 215; Baker v. Elliott, Tex.Civ. App., 198 S.W.2d 152.

The judgment is affirmed.