**Emma Jean BURNETT, Appellant,**

v.

**Ken L. ANDERSON, Appellee.**

**No. 19052.**

Court of Civil Appeals of Texas, Dallas.

Oct. 14, 1976.

**16**

Gregory L. Ceshker, Ashley & Welch, Dallas, for appellant.

Michael V. Killough, Killough & Killough, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Emma Jean Burnett brought an action in the district court against Ken L. Anderson in trespass to try title and to cancel a trustee's deed. In the same action she sought a temporary injunction to restrain Anderson from proceeding in a forcible entry and detainer suit pending in the justice court, precinct two, place one of Dallas County, and from causing same to be tried and from having a writ of restitution issued therein or in any other suit on the real property in controversy and the trespass to try title action, and from interfering with her possession of said property during the pendency of the cause of action in the district court. The trial court denied the temporary injunction and Emma Jean Burnett appeals. After the appeal was perfected this court granted its temporary injunction to protect its jurisdiction pursuant to authority of Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964).

Appellant contends that the trial court abused its discretion in denying her application for temporary injunction because (1) one of the debtors on the note was not given notice of the sale of the real property in compliance with Tex.Rev.Civ.Stat.Ann. art. 3810 (Vernon Supp.1975), and (2) the alleged substitute trustee who conducted the sale under the deed of trust did not have the authority to either post the property for foreclosure or hold a sale thereof. We hold that the trial court did not abuse its discretion and affirm the order denying the temporary injunction.

The facts are uncontroverted that on March 8, 1972, Emma Jean Burnett and her ex-husband Travis William Burnett purchased the real property which is the subject of this controversy. In consideration of the sale, both parties executed a promissory note which was secured by deed of trust on the real property. The note was payable to Charter Mortgage Company. On March 5, 1974, Emma Jean Burnett and her husband were divorced. Pursuant to the divorce decree, Travis William Burnett conveyed his entire interest in the real property to Emma Jean Burnett. On March 6, 1974, Travis William Burnett mailed a letter to Charter Mortgage Company stating that he had transferred his interest in the property to his former wife but requested that he be

personally notified of any delinquencies, declarations of acceleration, or notices regarding foreclosure on the note at his new mailing address included in the letter.

Emma Jean Burnett continued to make payments on the note until the fall of 1975 when she became ill thereby creating difficulty in making the payments. She was continuously ill and hospitalized until the middle of April 1976.

Charter Mortgage Company assigned the note and lien to Manufacturer's Hanover Trust Company. Thereafter, on May 5, 1976, Charter Mortgage Company mailed a letter to Manuel DeBusk requesting him, as substitute trustee, to proceed to foreclose on the mortgage loan in accordance with the terms of the deed of trust. A written appointment of substitute trustee and acceleration of maturity was not executed by Manufacturer's Hanover Trust Company until May 10, 1976. Manuel DeBusk did not receive the appointment of substitute trustee in acceleration of maturity until after he had conducted the trustee's sale on June 1, 1976. There is no evidence that Charter Mortgage Company was acting as an agent for Manufacturer's Hanover Trust Company.

On May 10, 1976, Manuel DeBusk mailed by certified mail a letter to Emma Jean Burnett saying that the property had been posted for foreclosure sale for June 1, 1976. He also mailed a certified letter to Travis William Burnett which was addressed to Burnett's former address, the location of the property in controversy. Travis William Burnett did not become aware of the trustee's sale until after June 1, 1976, although he was still a debtor on the note at the time of the sale. On June 1, 1976, the property was sold to appellee, Ken L. Anderson, who then told Emma Jean Burnett that he owned the property and that she should vacate the premises. Thereafter, he filed a forcible entry and detainer suit in the justice of the peace court seeking possession of the property. Emma Jean Burnett then filed this suit in the district court to cancel the trustee's sale contending that

the sale was void and that she should be decreed to be the owner of the property.

■ While appellant Burnett concedes that she received notice by certified mail of the trustee's sale prior to June 1, 1976, she argues that Tex.Rev.Civ.Stat.Ann. art. 3810 (Vernon Supp.1975) expressly requires that the holder of the debt serve written notice of the proposed sale by certified mail on *each debtor* obligated to pay such debt according to its records at least twenty-one days preceding the date of the sale. The statute further recites that such notice shall be completed upon the deposit of the certified letter in the United States Postal System, if it is properly addressed to the most recent address shown by the records of the holder of the debt for each debtor. The evidence does not establish conclusively that the holder of the debt, Manufacturer's Hanover Trust Company, was in possession of the most recent address for Travis William Burnett in its record which would result in a violation of the statute. Accordingly, we overrule her contention.

■ Appellant Burnett also contends that the trial court abused its discretion in denying her application for temporary injunction because the substitute trustee, Manuel DeBusk, did not have authority to conduct the judicial sale. This contention is advanced for the first time on appeal to this court. The contention was not contained in the trial pleadings nor was it ever urged to the trial court in any manner. Appellant Burnett admits that this matter was not contained in her pleadings nor presented in the trial court but contends that she is permitted to raise the question on appeal for the first time based upon the argument that the issue was tried by implied consent under Tex.R.Civ.P. 67.

The question before the court is whether the trial court abused its discretion by denying Burnett's application for temporary injunction. The trial court entered the order based upon the pleadings and the evidence before it at that time. Since the question of the trustee's authority was not raised by pleading, the judge, in his discretion, could regard this question as not prop-

erly before him for decision. Consequently, we have no basis for holding that the trial court abused its discretion in denying the temporary injunction.

The trial court's order denying the temporary injunction is affirmed. The temporary injunction issued by this court will continue until an application for writ of error is filed, or the time expires for filing such an application without its being filed, or until the time for filing a motion for rehearing in this court expires without such a motion being filed.