## Coates v. Seligsohn

*John A. Mika,* for plaintiffs.
*Avra N. Pershing, Jr.,* for defendants.

KEIM, *J.,* March 9, 1977 — This case comes before the court on petition for declaratory judgment

filed by petitioners George N. Coates and Marie D. Coates, his wife. Testimony was taken on May 24, 1976, to assist the court in determination of certain matters raised therein.

## HISTORY

On July 20, 1973, George N. Coates, one of petitioners herein, was involved in an automobile accident with one William E. Seligsohn, one of respondents therein. Mr. Coates subsequently sought treatment at the Latrobe Area Hospital. On July 30th, 1973, a release was executed by both petitioners at the office of respondent, State Farm Insurance Company (hereinafter referred to as State Farm.) On December 6, 1974, a petition for declaratory judgment was filed requesting the court to, among other things, declare the release to be ineffective, pursuant to the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, as amended, 12 P.S. §831 et seq.

## FINDINGS OF FACT

1. George N. Coates, one of petitioners, and respondent, William E. Seligsohn, were involved in an automobile accident in East McKeesport, Allegheny County, Pennsylvania, on July 20, 1973.

2. Petitioner George N. Coates, after the accident went to the emergency room of the Latrobe Area Hospital, where x-rays were administered and plaintiff was since treated by Dr. Joseph Govi for back injuries sustained by George N. Coates in the accident.

3. Dr. Govi prescribed certain medicine and advised George N. Coates of certain methods to assist him in the recovery of said injuries.

4. Dr. Govi informed petitioner, George N. Coates, that he should be "house bound" so as to prevent further injuries or aggravation of existing injuries.

5. On July 23, 1973, petitioner, George N. Coates, contacted State Farm and arranged a meeting with one of their adjusters at Greensburg Motor Company, Greensburg, Pennsylvania, where petitioner's car had been taken after the accident.

6. Mr. Coates met with State Farm Adjuster, Arthur Hall, at Greensburg Motor Company on July 24, 1973.

7. Petitioner, George N. Coates, visited State Farm Office, in Greensburg, Pennsylvania, on July 25, 1973.

8. Petitioner, George N. Coates, visited State Farm Office in Greensburg, on several occasions between July 25, and July 30, 1973.

9. On July 30, 1973, a release and settlement between the parties were effectuated.

## DISCUSSION AND CONCLUSIONS OF LAW

The language of the Act of June 9, 1972, P.L. 359, and the sections thereunder is as follows:

12 P.S. §1630. "Settlements, releases and statements of injured patients; acknowledgment required; notice

"(a) No person whose interest is or may become adverse to a person injured who is confined to a hospital or sanitarium as a patient shall, within fifteen days from the date of the occurrence causing the person's injury: (i) negotiate or attempt to negotiate a settlement with the injured patient; or (ii) obtain or attempt to obtain a general release of liability from the injured patient; or (iii) obtain or

attempt to obtain any statement, either written or oral from the injured patient for use in negotiating a settlement or obtaining a release.

"(b) Any settlement agreement entered into, any general release of liability or any written or oral statement made by any person who is confined in a hospital or sanitarium after he incurs a personal injury, which is not obtained in accordance with the provisions of section 2 of this act, requiring notice and acknowledgment shall not be evidential in any court action relating to the injury and shall not be utilized for any purpose in any legal action in connection therewith."

12 P.S. §1631. "Settlements, releases, statements and contingent fee agreements: applicability

"The provisions of this act relating to settlements, releases, statements and contingent fee agreements obtained, by a person whose interest is or may become adverse, from a patient confined in a hospital or sanitarium shall not apply, if at least five days prior to obtaining the settlement, release, statement or contingent fee agreement, the injured party has signified in writing, by a statement acknowledged before a notary public, who has no interest adverse to the injured party, his willingness that a settlement, release, statement or contingent fee agreement be given."

Petitioners argue very ably that the particular confinement necessary for operation of section 1630 above, does not strictly mean a facility confinement, but may also include those types of confinement often labelled "house confinement" or "house bound".

Petitioners set forth the argument in their brief that the court should use liberal interpretation of

the rules of construction in application to legislative enactments which serve the public interest. With this proposition, under the instant circumstances, the court agrees. The act in question is consumer-oriented, and has as one of its objectives, the protection of the public from themselves. The "fifteen days waiting period" provides protection for those "confined" so that they may have some degree of time to see what lies down the road, in so far as the extent of their injuries and the expenses resulting therefrom is concerned.

"Confinement" therefore in the opinion of this court, as intended by the act, is not to be strictly interpreted as to mean a continuous physical confinement within the hospital or sanitarium facility. It may be extended to patients "confined" as part of treatment, to their homes. This rationale is in keeping with changing hospital and sanitarium policies toward treatment of their patients. "House confinement" can be a very important ingredient in an attempt to rehabilitate a patient, emotionally, psychologically and physically. See Texas Reserve Life Insurance Company v. Texas Rehabilitation, 332 S. W. 2d 403 (1960); and Annotation 29 A.L.R. 2d 1408.

However, the interpretation of this act, even so liberally construed, cannot be applied to one who acted as did petitioner, George N. Coates. Although petitioner's doctor did instruct him to be "house bound", he obviously did not heed those instructions or advice. Petitioner in fact, made the initial contact with State Farm, set up a meeting at Greensburg Motor Company with their adjuster, and even visited State Farm's office several times.

Where a person is able to, and does, leave his

house for primarily business or other personal, as contrasted with therapeutic, reasons, it is the opinion of this court that he is hereby precluded from claiming the protections of this act. Had the petitioner been physically confined or had stayed "house bound" as per the doctor's instructions, those protections and benefits might well be claimed. Under the existing circumstances, they cannot.

## ORDER

And now, March 9, 1977, after hearing and after due and careful consideration, it is hereby ordered, adjudged and decreed that the petitioners' petition for declaratory judgment be and the same hereby is dismissed.