Jessie **KRUEGER**, Appellant,

v.

Chesley I. **SWANN**, III, **Trustee et al.**, Appellees.

No. 1361.

Court of Civil Appeals of Texas, Tyler.

July 31, 1980.

Rehearing Denied Sept. 4, 1980.

James R. Meyers, Robinson, Felts, Meyers, Starnes & Latting, Austin, for appellant.

Emerson Banack, Jr., Foster, Lewis, Langley, Gardner & Banack, Inc., San Antonio, for appellees.

MOORE, Justice.

This is an appeal from a judgment setting aside a trustee's deed upon foreclosure of a deed of trust. Appellees, Chesley I. Swann, III, William Swann, and Tommy R. Smith, brought suit against appellant, Jessie Krueger, to set aside a trustee's deed executed to her after a foreclosure sale at which she bought certain real property on which she held a deed of trust. Appellees alleged that Mrs. Krueger failed to give notice in the manner required by law, and that the price paid by Mrs. Krueger was so grossly inadequate as to amount to fraud. Mrs. Krueger answered with a general de-

nial and specifically alleged that under the terms of the deed of trust, appellees waived all notices and were estopped to deny the validity of the foreclosure sale. Mrs. Krueger also alleged that appellee, Chesley Swann, was the agent of all appellees with respect to the property in question, and that notices sent to Swann constituted notice to all appellees. After a trial before the court without a jury, the trial judge announced that he would render a judgment in favor of Mrs. Krueger in three weeks unless appellees paid her the amount due on the note, the taxes due, the trustee's and attorney's fees, and all other expenses incurred by Mrs. Krueger in connection with the sale. Appellees subsequently tendered as payment to Mrs. Krueger the total amount due in the sum of $41,128.30, which she refused to accept. Thereafter, the court rendered judgment setting aside the foreclosure sale and ordered Mrs. Krueger to sign a special warranty deed and release of lien to transfer to appellees the title to the property. The check tendered in payment was ordered to be held in the registry of the court and was not to be released until Mrs. Krueger signed the deed and release. No findings of fact or conclusions of law were requested or filed by the trial court. Mrs. Krueger perfected this appeal.

We reverse and render.

Mrs. Krueger acquired a vendor's lien note secured by a vendor's lien and deed of trust on a five–acre tract of land in Bexar County, Texas, through assignment. Appellees later acquired the land and assumed payment of the note. Appellee Chesley Swann was responsible for making the payments on the property. Chesley Swann sent his checks to a savings account at the Bexar County National Bank in San Antonio, Texas, from which the bank withdrew the monthly payments due and deposited them into Mrs. Krueger's account. In December 1977 appellees made no further deposits in the account, and thus the payments became delinquent. Mrs. Krueger, her attorneys, and the bank notified Chesley Swann that the payments were delinquent. These notices were mailed to Ches-

ley Swann at 354 East Terra Alta in San Antonio, and he admitted that he received them. On May 10, 1977, the attorneys for Mrs. Krueger mailed, by certified mail, notice of foreclosure sale, which was to be held on June 7, 1977. The letter was addressed to all three appellees and was sent to Chesley Swann at 354 East Terra Alta. Appellee Swann, however, had moved from that address at the time that the foreclosure notices were mailed. The letter was forwarded to a post office in the area where Swann lived and he was notified that the post office had certified mail for him. However, he did not pick it up because he thought that it was another notice that the payments were past due. On June 7, 1977, the property was sold at a foreclosure sale in which Mrs. Krueger, the holder of the deed of trust note, bought the property for $20,000.00. The testimony shows that a small group of people appeared at the foreclosure sale but that none of appellees appeared.

 In a single point of error, Mrs. Krueger contends that the trial court erred in setting aside the foreclosure sale. This point of error does not comply with the rule requiring that points of error must direct the attention of the court to the errors relied upon. Tex.R.Civ.P. 418. Moreover, the point is so general that it encompasses any and every error which may have been committed by the trial court. *McWilliams v. Muse*, 157 Tex. 109, 300 S.W.2d 643, 646 (1957); *Texas Reserve Life Insurance Co. v. Texas Rehabilitation Center*, 332 S.W.2d 403, 406–07 (Tex.Civ.App.–San Antonio 1960, no writ); *Paul v. Johnson*, 314 S.W.2d 338, 343 (Tex.Civ.App.–Houston 1958, writ dism'd). Nevertheless, we will follow the principal that the briefing rules are to be liberally construed, Tex.R.Civ.P. 422, and we will consider the point. After examining the statements and arguments under the point, it appears that it is Mrs. Krueger's contention that there is no evidence to support the trial court's judgment.

 Inasmuch as there were no findings of fact or conclusions of law requested or filed in this case, we must presume that the trial court's judgment implies all necessary fact findings in support of the judgment. On reviewing the record to determine if there is any evidence to support the judgment and concomitant implied findings, we can consider only the evidence favorable to the court's implied findings and must disregard all evidence or inferences to the contrary. The trial court's judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Goodyear Tire & Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916, 918 (Tex. 1978); *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968); *McWilliams v. Muse, supra*, at 644.

Appellees argue that there is sufficient evidence to support the judgment on two theories of law. First, they argue that the foreclosure sale was invalid because Mrs. Krueger failed to give proper notice by certified mail as required by Article 3810 of the Texas Revised Civil Statutes. Secondly, they argue that the trustee's deed must be set aside because there were technical irregularities in the foreclosure sale, which contributed to the grossly inadequate purchase price paid by Mrs. Krueger. In the latter argument, the technical irregularity which they allege occurred in the sale was the inadequate notice under article 3810. Thus, under either theory, the threshold question is whether there is any evidence to support the trial court's implied finding that Mrs. Krueger failed to comply with the provisions of article 3810, which provides in part as follows:

In addition, the holder of the debt to which the power is related shall at least 21 days preceding the date of sale serve written notice of the proposed sale by certified mail on each debtor obligated to pay such debt *according to the records of such holder.* Service of such notice shall be completed upon deposit of the notice, enclosed in a postpaid wrapper, properly addressed to such debtor *at the most recent address as shown by the records of the holder of the debt,* in a post office or official depository under the care and custody of the United States Postal Service. . . . (Emphasis ours.)

The general purpose of the statute is to provide only a minimum level of protection for the debtor, and it provides for only constructive notice of the foreclosure. *Hausmann v. Texas Savings & Loan Ass'n*, 585 S.W.2d 796, 799 (Tex.Civ.App.–El Paso 1979, writ ref'd n. r. e.); *Forestier v. San Antonio Savings Ass'n*, 564 S.W.2d 160, 163 (Tex.Civ.App.–El Paso 1978, writ ref'd n. r. e); *Burnett v. Anderson*, 543 S.W.2d 15, 17 (Tex.Civ.App.–Dallas 1976, no writ). To establish a violation of the statute, it must be shown that the holder of the debt had in its records the most recent address of the debtor and failed to mail a notice by certified mail to that address. *Burnett v. Anderson, supra.*

In the present case, Mrs. Krueger had in her records two addresses for Chesley Swann but did not have any address for either William Swann or Tommy Smith. One of the addresses for Chesley Swann was an address on a copy of a 1974 deed in which appellees received title to the property in question. The address included only the name of Chesley Swann. The other address, 354 East Terra Alta, was one which Mrs. Krueger mailed her certified notice of foreclosure. The attorneys for Mrs. Krueger had been given this address by the bank, which appeared on the checks and letters that Chesley Swann had sent to the bank as late as March 1977. This was also the same address in which Mrs. Krueger, her attorneys, and the bank notified Chesley Swann that the payments were delinquent, which notices he admitted receiving.

As to the notice sent to Chesley Swann, it is our view that the evidence clearly shows that the most recent address in Mrs. Krueger's records was 354 East Terra Alta, the address to which the notice was sent. This address was used by the parties at all times and was clearly more recent than the address found on the copy of the 1974 deed. There is no evidence that Mrs. Krueger had in her records a more recent address for Chesley Swann. Since Mrs. Krueger mailed to Chesley Swann notice of the foreclosure by certified mail at the most recent address in her records, there is no evidence to support the court's implied finding that she violated the statute.

As to William Swann and Tommy Smith, the evidence is uncontroverted that at the time that the notice of foreclosure was mailed, Mrs. Krueger had no record of any address for them. Although the letter sent to 354 East Terra Alta was addressed to those parties as well, there was nothing in her records showing that the address was theirs also. However, since her records did not show any address for them, they were not entitled to the notice required by article 3810. The statute does not create a duty on the holder of the debt to search for the address of a debtor if none is shown in the records of the debt holder. The statute only requires that a notice be mailed at the most recent address of the debtor *"as shown by the records of the holder of the debt."* (Emphasis ours.) If no address is shown, the statute imposes no duty on the debt holder. This does not leave the debtor without notice, as the statute still requires the traditional method of notice of posting notice of foreclosure at the courthouse door. Tex.Rev.Civ.Stat.Ann. art. 3810 (Vernon Supp.1980). Inasmuch as Mrs. Krueger did not have any address for either William Swann or Tommy Smith, there is no evidence to support the court's implied finding of a violation of the statute for failure to give notice to them. Since there is no evidence showing Mrs. Krueger violated the statute, no irregularity in the foreclosure sale is shown. Therefore, the judgment cannot be sustained on either legal theory relied on by appellees. Consequently, we sustain Mrs. Krueger's contention that there is no evidence to support the judgment.

Accordingly, the judgment is reversed, and judgment is hereby rendered that appellees take nothing by their suit.