## EDWARDS v. RIVERSIDE ROYALTIES CORPORATION.

### No. 3442.

Court of Civil Appeals of Texas. El Paso.

Nov. 19, 1936.

Rehearing Denied Dec. 17, 1936.

Lockhart & Brown, of Lubbock, for appellant.

Smith & Smith, of Fort Worth (Myron A. Smith, of Fort Worth, of counsel), for appellee.

HIGGINS, Justice (after stating the case as above).

Appellant first contends the equitable remedy here invoked by appellee was not

available to it. The position taken in this connection is that appellee should have moved for new trial in cause No. 474 or resorted to the remedy of appeal or writ of error to review the judgment.

■ The appellee in its petition alleged it did not know of the rendition of the judgment against it until after the adjournment of the term, and the evidence so shows. We do not regard the filing of the motion to quash the service as controlling upon the question. The effect of such motion was to enter an appearance for appellee to the succeeding term of the court, but did not as a matter of law charge it with notice of the fact that a judgment had been previously rendered against it. Not knowing of the rendition of the judgment until after the adjournment of the July term, the appellee lost no rights by its failure to file motion for new trial before the expiration of the term.

■ The return upon the nonresident was regular and shows due service upon appellee. Extrinsic evidence was necessary to show White was not an officer or agent of appellee upon whom service might be had. The vice in the service would not have been shown by the record upon an appeal or writ of error to review the judgment in cause No. 474. Therefore, appeal or writ of error did not afford appellee an adequate remedy. Gutierrez v. Cuellar (Tex.Civ.App.) 236 S.W. 497. We have considered the various theories advanced by appellant in support of his insistence that appeal or writ of error afforded an adequate remedy and regard same as untenable.

■ Appellant presents the further point that appellee failed to show a meritorious defense to the former suit. Edwards' claim of title to the land is based upon a foreclosure sale under a deed of trust made by a substitute trustee.

Appellee claims an undivided mineral interest in certain of the parcels of land. This mineral interest was originally subject to the lien of the deed of trust, and it is contended by appellee the mineral interest claimed by him was released from the deed of trust lien. It is unnecessary to determine that issue for the trustee sale under which Edwards claims was in any event insufficient to pass title to the lands.

The deed of trust authorized the appointment of a substitute trustee by the holders of the notes which the deed was given to secure. The trustee was authorized to sell upon request of such holders. The trustee was appointed by Edwards and the sale was made by such trustee at request of Edwards. The record shows Edwards did not own all of the notes which the deed of trust was given to secure. Under such circumstances, the substitute trustee acted without authority, and the sale by him passed no title. Bomar v. West, 87 Tex. 299, 28 S.W. 519.

Finding no error, the judgment is affirmed.

### On Rehearing.

In his motion for rehearing appellant asserts the appellee's pleadings were insufficient to present any issue as to the authority of the substitute trustee.

■ The pleadings of appellee setting up a meritorious defense are in terms quite general. No special exception thereto was taken. In the absence of such an exception the pleadings are sufficient to raise the issue in question.

■ If we err in this view, it is immaterial, for we now sustain appellee's contention that its mineral interest had been released from the lien of the deed of trust prior to the sale by the trustee. We hold that when J. S. Kelly acquired the Meador notes and deed of trust under which appellant claims, the lien of the deed of trust, in so far as it affected the appellee's mineral interest, passed by operation of law to J. S. Johnson, to whom such mineral interest had been previously conveyed by Kelly by general warranty deed, and in turn passed from Johnson to appellee, to whom Johnson had conveyed by special warranty deed. 14 Tex.Jur. Deeds §§ 123, 124; Caswell v. Llano Oil Co., 120 Tex. 139, 36 S.W.(2d) 208; Texas Pacific Coal & Oil Co. v. Fox (Tex.Civ.App.) 228 S.W. 1021.

■ Furthermore, Kelly's written release to Johnson effectually operated as a release of the lien of the Meador deed of trust in so far as appellee's mineral interest was concerned.

**The motion for rehearing is overruled.**