Emma Jean BURNETT et al.,
Appellants,

v.

MANUFACTURER'S HANOVER TRUST
COMPANY et al., Appellees.

No. 19948.

Court of Civil Appeals of Texas,
Dallas.

Dec. 18, 1979.

Rehearing Denied Jan. 29, 1980.

Gregory L. Ceshker, Ashley & Welch, Dallas, for appellants.

Edith DeBusk, DeBusk & DeBusk, Dallas, for appellees.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Appellants, Emma Jean Burnett and Travis William Burnett, sued Charter Mortgage Company, Manufacturer's Hanover Trust Company, and Manuel DeBusk for wrongful foreclosure due to alleged defects in the appointment of the substitute trustee, lack of proper notice of the sale to Travis Burnett, lack of notice of acceleration to Travis Burnett, and payment by cashier's check at the sale. Appellants seek damages only for Emma Jean Burnett. Both parties moved for summary judgment. The trial court granted summary judgment for appellees Manufacturer's and DeBusk on the grounds that appellants did not have a cause of action for wrongful foreclosure. The trial court then severed Charter Mortgage Company from the cause. We reverse and hold that a foreclosure sale by a substitute trustee acting without a valid appointment is ground for an action for damages, and we remand because the summary judgment proof shows a fact question as to whether a valid appointment of substitute trustee was in existence on the date of the sale.

Most of the facts are undisputed. Appellants are now divorced. During their marriage they executed and delivered to Charter Mortgage Company a $30,000 promissory note and a deed of trust securing same as part payment on real property located in Dallas. Charter subsequently assigned the note to Manufacturer's, a permanent investor. Manufacturer's entered into a servicing agreement in 1972, with Jacksonville National Bank, Charter's parent company. When appellants were divorced, appellant Travis Burnett conveyed his interest in the property to Emma Jean Burnett. The note came into default in 1975, and in 1976 DeBusk, as substitute trustee, sold the property at a foreclosure sale for $32,100. Appellants brought suit contending the sale is void or voidable primarily because the substitute trustee was not validly appointed and the notice of sale was defective, and claimed damages for wrongful foreclosure in the amount of $18,163.37, the difference between the debt and the stipulated value of the property at the time of the sale.

Appellees argue that at most, appellants' contentions would give rise only to an action for improper execution of a rightful foreclosure, which cannot form the basis for the recovery of damages. They contend that damages for wrongful foreclosure can be recovered only where the foreclosure was unauthorized, but not where defects in the foreclosure sale itself render the sale invalid. In that case, they insist the debtor's only remedy is an equitable proceeding to set aside the sale.

The distinction between a wrongful foreclosure and an irregular exercise of a matured right to foreclose has never been clearly established in Texas. Tort actions for the difference between the market value of the land and the amount of the debt on a theory of "wrongful foreclosure" have been allowed where the foreclosure sale of the mortgagor's property was unauthorized or without right. Examples include where the debtor did not authorize the sale of the property upon default, *Ullman v. Devereux*, 93 S.W. 472 (Tex.Civ.App.—1906, no writ), where the debtor was not in default at the time of the sale, *Calverley v. Gunstream*, 497 S.W.2d 110 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.), and where the mortgagee had agreed to extend the time for payment, *Black v. Burd*, 255 S.W.2d 553 (Tex.Civ.

App.—Fort Worth 1953, writ ref'd n.r.e.). Damages are awarded on a theory of conversion of the mortgagor's property due to the sale, *John Hancock Mutual Life Insurance Co. v. Howard*, 85 S.W.2d 986, 988 (Tex.Civ.App.—Waco 1935, writ ref'd), and are especially appropriate when the property has passed to a third party by means of the sale, *Black v. Burd*, 255 S.W.2d 553, 556 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n.r.e.). On the other hand, actions for the irregular execution of a matured right to foreclose generally concern a sale which is authorized because the debtor is in default. In most cases the debtor seeks to avoid the sale because some defect exists in the foreclosure proceedings. *E. g., Biddle v. National Old Life Insurance Co.*, 513 S.W.2d 135 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.); *Cline v. Cline*, 323 S.W.2d 276 (Tex. Civ.App.—Houston 1959, writ ref'd n.r.e.).

The Texas cases reveal that a foreclosure sale by a person not properly appointed as a substitute trustee according to the terms of the deed of trust is not merely an irregularity in the foreclosure proceedings. Rather, such sales have been declared void because they are not conducted within the authority conferred by the deed of trust. *Randolph v. Citizens National Bank of Lubbock*, 141 S.W.2d 1030, 1032 (Tex.Civ. App.—Amarillo 1940, writ dism'd judgmt cor.); *Edwards v. Riverside Royalties Corp.*, 99 S.W.2d 418, 419 (Tex.Civ.App.—El Paso 1936, writ dism'd). *Cf., Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671, 675 (1942) (holding that a trustee's power to sell the property depends on the terms of the deed of trust). We hold that if the person purporting to act as substitute trustee has not been appointed in accordance with the deed of trust, he is not authorized to sell the property, and damages are available to the injured party, particularly if, as in our case, the property is in the hands of a third party.

In view of this holding, we must consider whether the authority of the substitute trustee to sell the property is conclusively established by the summary judgment proof. When the appointment of a substitute trustee is authorized by the terms of the deed of trust, the details set forth in the deed of trust must be strictly followed. *Michael v. Crawford*, 108 Tex. 352, 193 S.W. 1070, 1071 (1917); *Randolph v. Citizens National Bank of Lubbock*, 141 S.W.2d 1030, 1032 (Tex.Civ.App.—Amarillo 1940, writ dism'd judgmt cor.). The deed of trust here requires the appointment of a substitute trustee to be made by the holder of the note by instrument in writing and provides that the substitute trustee "shall thereupon become vested and succeed to all the title, power, and duties hereby conferred upon the Trustee . . . ." The record reveals that during the time of default and foreclosure the holder of the note was Manufacturer's Hanover Trust Company and that Charter Mortgage Company, the prior holder, is a subsidiary of Jacksonville National Bank.

DeBusk testified in his deposition that on May 5, 1976, Charter Mortgage Company mailed him a copy of the deed of trust and instructed him to foreclose on the property. No appointment of a substitute trustee was enclosed with the instruction, and DeBusk has never had any direct correspondence with Manufacturer's. Nevertheless, he proceeded to act as substitute trustee, and sold the property on June 1. On June 2, DeBusk's law office requested Charter Mortgage Company to send them the executed appointment of substitute trustee.

An appointment of substitute trustee, regular on its face, signed by Manufacturer's and dated May 10, is in the record. Moreover, in answer to interrogatories, Gilbert Lawrence, vice-president of Hanover's, stated that he executed the appointment of substitute trustee on May 10. This evidence, however, is disputed. Hubert Chapman, a vice-president of Charter Mortgage Company, testified by deposition that "something was wrong" with the appointment in May which was corrected when the appointment was finally mailed to DeBusk. A letter dated June 7 from Chapman's assistant at Jacksonville National Bank states as follows:

Mr. Sam Matos
Real Estate and Mortgage Department
Manufacturer's Hanover Trust Company
350 Park Avenue
New York, New York 10022

　Re: JNB # 300672–140
　　　MHTC # 60084–18
　　　Emma J. Burnett

Dear Mr. Matos:

Per your phone conversation today, enclosed is a partially completed Appointment of Substitute Trustee *which should be executed and dated on or before May 10, 1976, which was the day of posting.* The property was *sold at foreclosure sale June 1, 1976* to a third party bidder. The funds should be forthcoming.

If you have any questions, please advise.

Very truly yours,

JACKSONVILLE NATIONAL BANK

Nancy S. Jacobs
Assistant Cashier

[Emphasis added.]

Chapman identified this letter, testified that his assistant had sent it, and when asked whether the appointment could have been signed on May 10, answered "no," although he later stated he did not know what was wrong with the appointment. This evidence raises a fact question as to whether a valid appointment of substitute trustee was executed and signed prior to the foreclosure sale and whether DeBusk was therefore authorized to sell the property. If, on remand, it is determined that Lawrence did in fact execute an appointment of substitute trustee on May 10, judgment should be rendered for appellees.

■ Appellees argue that the letter from Charter asking DeBusk to foreclose complied with the terms of the deed of trust. Although Manufacturer's had a servicing agreement with Jacksonville National Bank, a letter from Jacksonville's subsidiary, Charter, would not comply with the requirements of the deed of trust. Even if Charter could be considered an agent of Manufacturer's, an agent of the holder cannot appoint a substitute trustee. *Michael v. Crawford, supra,* 193 S.W. at 1071. Appellees also argue that they are protected by a deed of trust provision which

states that the deeds given at the trustee sales shall be "prima facie evidence of the truth of all the recitals therein as to . . . the facts, if any, authorizing a substitute trustee to act in the premises, and everything necessary to the validity of such sale." The deed given at the sale recites that "the holder of said indebtedness has since said default, requested me, the said Trustee, to sell said property in accordance with the provisions of said Deed of Trust . . . ." Such recitals will give rise only to a presumption of validity, which, as between the original parties, can be rebutted. *Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671, 676 (1942). The evidence here tends to rebut the presumption.

■ Appellants also argue that they are entitled to damages because Travis Burnett, one of the debtors on the mortgage, was not properly notified of the foreclosure sale. A recent amendment of Tex.Rev.Civ. Stat.Ann. art. 3810 (Vernon Supp. 1978–1979) requires the debt holder to send written notice of the sale to each debtor at his "most recent address as shown by the records of the holder . . . ." Notice of this sale was mailed to Travis Burnett at his former residence rather than his business address.

Although notice to Travis Burnett may not have been in compliance with article 3810, appellants have no cause of action for damages for this defect. Travis Burnett no longer owned any interest in the land which was foreclosed because he had transferred his interest in the house to his ex-wife pursuant to the divorce decree. In the absence of a deficiency judgment, no injury to Travis Burnett resulted from the fact that he was not given statutory notice of the sale. Emma Jean Burnett is in no position to complain because she received a proper notice. We conclude that the purpose of the notice requirement is to give each debtor an opportunity to protect his own interest. The statute does not provide a remedy for damages if another debtor, no longer an owner of the property, was not given notice according to the statute.

■ Appellants' other arguments for an action of wrongful foreclosure are over-

ruled. First, they argue that there was never a proper acceleration of the note because the holder did not accelerate. In this connection, they argue that since appellant Travis Burnett was not given any demand or presentment for payment of the note by the holder, acceleration was unauthorized. The note here declares that at the option of the holder, the "note shall become immediately due and payable without notice." Appellants therefore waived notice of acceleration. *See Purnell v. Follett*, 555 S.W.2d 761, 765–66 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ); *Whalen v. Etheridge*, 428 S.W.2d 824, 827 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.); *Interstate Life Insurance Co. v. Turner*, 371 S.W.2d 913, 916 (Tex.Civ.App.—Waco 1963, writ ref'd n.r.e.). Second, appellants argue they are entitled to damages because the deed of trust required the sale of the land to be made for cash and the sale here was for cashier's checks. Even if this was a defect in the proceedings, it does not render the sale unauthorized and will not give rise to an action for damages. *See generally, First Federal Savings & Loan Association v. Sharp*, 347 S.W.2d 337, 340 (Tex.Civ.App.—Dallas 1961), *aff'd*, 359 S.W.2d 902, 903 (Tex.1962).

Our former opinion is withdrawn and this opinion is substituted. The motion for rehearing is granted, the judgment is reversed and the case is remanded.