James **FENIMORE,** Independent Executor of the Estate of Miladie Fraser, Deceased, John Drew Roland and Starflight Corporation, Appellants,

v.

**GONZALES COUNTY SAVINGS AND LOAN ASSOCIATION, Appellee.**

No. 16805.

Court of Appeals of Texas, San Antonio.

April 20, 1983.

Rehearing Denied May 13, 1983.

214

Gerald T. Drought and Joyce W. Moore, San Antonio, for appellants.

R.L. Miller, Gonzales, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This case involves a suit to set aside foreclosure sales of certain property by virtue of defaulted real estate lien notes. Appellants, plaintiffs below, alternatively sought to recover money damages as a result of the allegedly wrongful foreclosures. Trial was to the court, which rendered a take-nothing judgment sustaining the foreclosure sales.

The disputed foreclosure sales were based on four notes and deeds of trust executed by Miladie Fraser in favor of appellee. All of the notes in question contain acceleration clauses upon default in payment. In their first two points of error appellants contest appellee's authorization to accelerate the notes, and the trustee's power to sell the property during the pendency of the temporary administration of the estate of Miladie Fraser. In point of error number three appellants contend the foreclosure sales are invalid because appellee failed to satisfy the notice requirements of Tex.Rev.Civ.Stat. Ann. art. 3810 (Vernon Supp.1982–1983).

Prior to her death on October 17, 1976, Miladie Fraser was engaged in buying, selling and renting real estate, doing business as Starflight Corporation (Starflight). Sometime prior to her death Fraser conveyed the property in question to Crispin de la Garza, to her son, Jon Roland, and to her wholly owned corporation, Starflight. The transfer of title of these properties was subject to outstanding debts. Henry Majefski, chief executive officer of the appellee savings and loan association, testified that appellee did not learn of these conveyances until after the posting of the foreclosure notices.

The record shows that a notice of delinquency regarding one of the notes was mailed to Fraser on August 28, 1976, and that she responded by making a late payment. Although Fraser died in October, 1976, appellee continued to send delinquency notices and demands for payment to Fraser or "The Estate of Miladie Fraser." These letters were sent to Fraser's last known address in Seguin, and copies of the letters were sent to appellant Roland at his San Antonio address. None of the notices, however, included notice of the foreclosure sales. On April 7, 1977, notices of the foreclosure sales were sent to "John Roland, Executor and Heir to Estate of Miladie Fraser, deceased" at Roland's San Antonio address. Appellee's employee, Majefski, testified that he had no notice of the appointment of Sydney M. Bauer as temporary administrator of Fraser's estate and that he believed Roland to be Fraser's only surviving family member. It thus appears that the various notices and letters were sent to Roland under the mistaken impression that he was the executor of Fraser's estate.

The property in question was sold at foreclosure sale on May 3, 1977. The notes and deeds of trust clearly provided appellee with an option to accelerate the notes upon default and to collect the remaining indebtedness by suit or by foreclosure proceedings. Before exercising an optional right of acceleration a note-holder must do the following: 1) make formal demand upon the debtor for payment of the past due installments; 2) give an opportunity to make such payment; and 3) declare that the entire debt is due. *See Joy Corp. v. Nob Hill North Properties, Ltd.,* 543 S.W.2d 691, 694 (Tex.Civ.App.—Tyler 1976, no writ). Notice of intent to accelerate indebtedness and notice of a trustee's sale, however, are separate and distinct notices. Notice of intent to accelerate is to be distinguished from a notice of a trustee's sale, which is "a different albeit an associated transaction in that authority to conduct the sale depends not only upon regularity of the notice of sale but also upon [the] propriety and validity of the antecedent notice of acceleration...." *Lockwood v. Lisby,* 476 S.W.2d 871, 873 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.).

The issue of the regularity of the notices of sale, which is raised in appellants' third point of error, is governed not only by the validity or invalidity of the antecedent notices of acceleration, but also by the mandate of article 3810, *supra*, which provides:

> [T]he holder of the debt to which the power [of sale] is related shall at least 21 days preceding the date of sale serve written notice of the proposed sale by certified mail on each debtor obligated to pay such debt according to the records of such holder. Service of such notice shall be completed upon deposit of the notice, enclosed in a postpaid wrapper, properly addressed to such debtor at the most recent address as shown by the records of the holder of the debt, in a post office or official depository under the care and custody of the United States Postal Service.

The general purpose of the statute is to provide the debtor with a "minimum level of protection." *Hausmann v. Texas Savings & Loan Association,* 585 S.W.2d 796, 799 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.). A violation of the statute is established when it is shown that the holder of the debt had in its records the most recent address of the debtor and failed to mail a notice by certified mail to that address. *Krueger v. Swann,* 604 S.W.2d 454, 457 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). The Texas Supreme Court addressed the notice provisions of article 3810 in the recent decision of *Lido International, Inc. v. Lambeth,* 611 S.W.2d 622 (Tex.1981). In *Lido* the debtor claimed that he had furnished the note-holder with a new address, but that the note-holder foreclosed on the property in question after sending notices of acceleration, foreclosure, and sale to the debtor's address as it was originally listed on the deed of trust. The Supreme Court held that the debtor's claim that he had furnished the note-holder with a more recent address raised a fact question sufficient to preclude summary judgment. *Id.* at 624. The Court further noted that if the note-holder's records showed a more recent address, then the notice sent to the old address failed to comply with the statutory requirements of article 3810. *Id.*

Our review of the record reveals that notice of the foreclosure sales was not sent to Miladie Fraser, her estate, or the temporary administrator at Fraser's last known address. The notices sent to appellant Roland on April 7, 1977, contain the information required by article 3810; however, according to appellee's records Roland was not a "debtor obligated to pay such debt." Although the notices were mailed to Roland as "Executor and Heir to Estate of Miladie Fraser," Roland was not in fact the executor. Further, the notices were mailed to Roland's San Antonio address rather than to Fraser's address as shown on appellee's records. Under these facts we hold that a violation of article 3810 was established.

While we are aware of the decision in *Burnett v. Manufacturer's Hanover Trust Co.,* 593 S.W.2d 755 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.), we do not believe it controls the disposition of the instant case. In *Burnett* the court held that article 3810 "does not provide a remedy for damages if another debtor, no longer an owner of the property, was not given notice according to the statute." *Id.* at 758. Appellee contends the *Burnett* decision applies to the case at bar because Fraser no longer owned the property in question, and thus was not entitled to notice. In *Burnett,* however, there were two debtors on the mortgage, one of whom received proper notice of foreclosure sale. In the instant case the only debtor on appellee's records was Fraser, and notice of sale was not sent to her on her estate at her last known address as required by article 3810. Appellants' point of error number three is sustained.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

ESQUIVEL, J., concurs in result.