Opinion issued February 23, 2006         
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00338-CV




GARY KAINER, Appellant

V.

ABMC CORPORATION and UNION PLANTERS BANK, N.A., Appellees




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2003-21853


 
 
 
MEMORANDUM OPINION
           Appellant, Gary Kainer, appeals from a summary judgment rendered in favor
of appellees, ABMC Corporation (“ABMC”) and Union Planters Bank, N.A. (“Union
Planters”). We determine whether the trial court erred in its summary judgment
ruling. We affirm the summary judgment on all but Kainer’s claim for excess
proceeds from a foreclosure sale against ABMC, to which extent we reverse the
judgment and remand the cause.          Factual Background
          Kainer executed a promissory note for $163,200 payable to Merchants Bank. 
The note was secured by real property located at 4110 Highway 6 North


 (“the
foreclosed property”). In the deed of trust, Kainer designated “8707 Richmond
Avenue, Houston, Texas 77063” (“the Richmond address”) as his address for
purposes of notice of a trustee’s sale. Merchants Bank merged with Union Planters. 
Kainer’s loan matured on February 28, 2002. 
          On March 2, 2003, Union Planters sold and transferred the note and deed of
trust to ABMC. Morad Mekhail was subsequently appointed substitute trustee and
was responsible for conducting the foreclosure sale. Mekhail attested that the amount
due on Kainer’s note at the time of the posting of foreclosure was $86,689.86,
including interest for amounts past due. Kainer attested that he calculated the amount
due on the note, after offsets and payments, to have been $72,939.79. Mekhail sent
notice of the foreclosure sale by certified mail to the foreclosed property address and
to the Richmond address. On April 1, 2003, the foreclosure sale was conducted, and
the foreclosed property was sold to ABMC for $84,542.00.  
          Kainer had not maintained a business at the Richmond address since February
2001. At the time of foreclosure, Kainer had a tenant at the foreclosed property, who
notified him that there had been a foreclosure sale and that ABMC owned the
foreclosed property. Kainer attested that he had notified Union Planters of his change
of address to P.O. Box 631522 prior to March 3, 2003. In fact, Kainer had received
an envelope from Union Planters addressed to Kainer at “P.O. Box 631522, Houston,
Texas 77263” and postmarked October 18, 2002.
          Kainer sued ABMC for (1) wrongful foreclosure, (2) tortious interference with
business relations, (3) quieting title to the foreclosed property in Kainer’s name, and,
alternatively, (4) recovery of the excess proceeds from the sale of the foreclosed
property. He also sued Union Planters for (1) negligence and (2) breach of fiduciary
obligation.
 
          On December 16, 2003, ABMC moved for rule 166a(c) summary judgment
against Kainer’s wrongful-foreclosure cause of action on the ground that ABMC had
given him the notice of the foreclosure sale required by section 51.002(e) of the
Texas Property Code. See Tex. Prop. Code Ann. § 51.002(e) (Vernon Supp. 2005); 
Tex. R. Civ. P. 166a(c). On June 14, 2004, the trial court granted ABMC’s motion
for summary judgment, reciting,“[It is] ADJUDGED that all claims asserted by
[Kainer] in this cause of action are DENIED as to [ABMC].”
          On December 6, 2004, Union Planters moved for rule 166a(c) summary
judgment against Kainer on the ground that it did not owe Kainer a fiduciary duty
because there was no special relationship between Kainer and Union Planters. See
Tex. R. Civ. P. 166a(c). Union Planters also moved for rule 166a(i) summary
judgment in the same motion, asserting that there was no evidence showing (1) that
Union Planters owed Kainer a legal duty other than the duty that it owed him under
the contract; (2) that Kainer had provided Union Planters with a new or different
address in conformity with the method to which the parties had agreed in the deed of
trust; (3) that Union Planters had a fiduciary duty to Kainer; or (4) that Union Planters
breached a fiduciary duty. See Tex. R. Civ. P. 166a(i). 
          On December 20, 2004, after the trial court had granted summary judgment in
favor of ABMC, Kainer moved for summary judgment against ABMC on the ground
that ABMC was in possession of excess foreclosure-sale proceeds to which Kainer
was legally entitled. 
          On January 5, 2005, the trial court granted Union Planters’s motion for
summary judgment, reciting, “It is ADJUDGED that the Plaintiff, [Kainer], take
nothing from the Defendant, [Union Planters], by way of any claims asserted against
Union Planters Bank, N.A. in this case, and that all claims asserted are denied.” The
final judgment expressly denied all relief requested by Kainer and disposed of all
parties and claims.
          On February 3, 2005, Kainer filed a motion for new trial alleging that there
were genuine issues of material fact in dispute. On March 11, 2005, the trial court
denied Kainer’s motion for new trial. On April 4, 2005, Kainer filed his notice of
appeal.
Jurisdiction
          ABMC contends that this Court lacks jurisdiction to hear this appeal because 
Kainer’s appeal against ABMC was untimely. 
          A notice of appeal must be filed within 30 days of the signing of the judgment,
unless either party files a timely motion for new trial, motion to modify the judgment,
motion to reinstate, or a request for findings of fact and conclusions of law, in which
case the notice of appeal must be filed within 90 days after the judgment is signed. 
Tex. R. App. P. 26.1. A motion for new trial is timely if filed prior to or within 30
days after the judgment is signed. Tex. R. Civ. P. 329b(a).        
          A judgment is final for purposes of appeal if it actually disposes of all claims
and parties, regardless of its language, or states with unmistakable clarity that it is a
final judgment as to all claims and parties. Lehmann v. Har-Con Corp., 39 S.W.3d
191, 192-93 (Tex. 2000). Whether a judgment is final must be determined from its
language and the record in the case. Id. at 195. Here, the judgment signed on June
14, 2004 was entitled “Judgment,” and it included a “Mother Hubbard” clause stating
that “[a]ll relief not granted herein is denied.” However, the Texas Supreme Court
has held that the inclusion of such language, standing alone, does not indicate finality
in a judgment rendered, as here, without a conventional trial on the merits. Id. at
203-04. The June-14 judgment in favor of ABMC did not dispose of all parties and
claims, as evidenced by the judgment signed on January 5, 2005 entitled “Final
Judgment,” which provided that “[i]nasmuch as this Court has previously granted
interlocutory summary judgment in favor of the co-Defendant, [ABMC], that
interlocutory summary judgment is hereby made final.” The June-14 summary
judgment order expressly disposed of only those claims asserted by Kainer against
ABMC. 
 
          Accordingly, the trial court’s final judgment disposing of all parties and claims
was signed on January 5, 2005. Kainer filed a timely motion for new trial on February
3, 2005, 29 days after the judgment had been signed, and a timely notice of appeal on
April 4, 2005, 89 days after the judgment had been signed. Thus, Kainer’s appeal
against ABMC is timely, and we have jurisdiction to address the merits of the appeal. 
See Tex. R. App. P. 26.1. Summary Judgment
          In his first point of error, Kainer argues that “[t]he trial court erred in granting
summary judgment in favor of ABMC and [Union Planters] as a matter of law for [the]
reason that genuine issues of material fact existed which precluded entry of judgment.” 
Specifically, Kainer argues that genuine issues of fact exist regarding whether ABMC
provided notice of foreclosure sale to his most current address and whether there was
a surplus from the foreclosure sale.


 In point of error two, Kainer alleges that “the trial
court erred in not finding ABMC and its Substitute Trustee’s [sic] [failed] to comply
with Texas Property Code Section 51.002 by improperly conducting a nonjudicial
foreclosure of Kainer’s real property.” Specifically, Kainer argues that, although he
did not provide notice of his change of address by certified mail, as required by the
deed of trust, he had provided notice in a reasonable manner pursuant to section
51.0021 of the Property Code; thus, Kainer contends that ABMC did not send a notice
of foreclosure to his last known address, as required by section 51.002(e) of the
Property Code. A.Standard of Review
          The propriety of summary judgment is a question of law, and we thus review
the trial court’s ruling de novo. Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003). In reviewing a summary judgment, evidence favorable
to the non-movant is taken as true, and all reasonable inferences are indulged in the
non-movant’s favor. Johnson Co. Sheriff’s Posse v. Endsley, 926 S.W.2d 284, 285
(Tex. 1996). When a summary judgment order does not state the grounds upon which
it was granted, the summary judgment may be affirmed on any of the movant’s
theories that has merit. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 627 (Tex.
1996). Appellate courts should consider all grounds for summary judgment that the
movant presented to the trial court when they are properly preserved for appeal. Id.
at 627. Thus, the party appealing from such order must show that each of the
independent arguments alleged in the motion is insufficient to support the order.
Tilotta v. Goodall, 752 S.W.2d 160, 163 (Tex. App.—Houston [1st Dist.] 1988, writ
denied); McCrea v. Cubilla Condominium Corp., 685 S.W.2d 755, 757 (Tex.
App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.).
           The movant for traditional summary judgment has the burden of showing that
there is no genuine issue of material fact and that he is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c); Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508,
510 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). 
A defendant moving for traditional summary judgment must either disprove at least
one element of each of the plaintiff’s causes of action or plead and conclusively
establish each essential element of its affirmative defense, thereby rebutting the
plaintiff’s causes of action. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).
           A no-evidence motion for summary judgment is essentially a directed verdict
granted before trial, to which we apply a legal-sufficiency standard of review. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003). In general, a party
seeking a no-evidence summary judgment must assert that no evidence exists as to one
or more of the essential elements of the non-movant’s claims on which the non-movant would have the burden of proof at trial. Flameout Design & Fabrication Inc.
v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.]
1999, no pet.). Once the movant specifies the elements on which there is no evidence,
the burden shifts to the non-movant to raise a fact issue on the challenged elements. 
 Tex. R. Civ. P. 166a(i). A no-evidence summary judgment will be sustained when (1)
there is a complete absence of evidence of a vital fact, (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove a vital
fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the
evidence conclusively establishes the opposite of a vital fact. King Ranch, 118
S.W.3d at 751.  
B.      The Summary Judgment Rendered for ABMC
          1.       Unchallenged Rulings
          ABMC moved for rule 166a(c) summary judgment against Kainer’s wrongful-
foreclosure cause of action on the ground that ABMC had given him notice of the
foreclosure sale pursuant to section 51.002(e) of the Texas Property Code. ABMC did
not request summary judgment against Kainer’s claims for tortious interference with
business relations, quieting title to the foreclosed property in Kainer’s name, or
recovery of the excess proceeds from the sale of the foreclosed property. Nonetheless,
the trial court’s May 20, 2004 summary judgment order recited that “all claims
asserted by [Kainer in this cause of action are DENIED as to [ABMC].” (emphasis
added). The court’s final summary judgment, signed January 5, 2005, recited that
“[i]nasmuch as this Court has previously granted an interlocutory summary judgment
in favor of the co-Defendant, [ABMC], that interlocutory summary judgment is hereby
made final. All relief not granted is denied. This is a Final Judgment which finally
disposes of all parties and claims and is appealable.” As such, the summary judgment
order granted more relief than ABMC had requested.
          It is well-established that a summary judgment can be granted only on the
grounds addressed in the motion for summary judgment. See Postive Feed, Inc. v.
Guthmann, 4 S.W.3d 879, 881 (Tex. App.—Houston [1st Dist.] 1999, no pet.);
Blancett v. Lagniappe Ventures, Inc., 177 S.W.3d 584, 592 (Tex. App.—Houston [1st
Dist.] 2005, no pet.). A summary judgment granting more relief than that to which a
party is entitled is subject to reversal, but it is not, for that reason alone, interlocutory. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001) (citing Chessher v.
Southwestern Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983) (per curiam). In
circumstances in which the trial court grants more relief than was requested, the order
must be appealed and can be reversed on that basis. Id. at 206. In his brief on appeal,
Kainer asserts no challenges relating to the trial court’s granting of more relief than
requested in ABMC’s summary judgment motion, with the sole exception that he does
complain on appeal about the recovery of the excess proceeds from the sale of the
property. Therefore, we affirm that portion of the summary judgment order disposing
of Kainer’s claim against ABMC for tortious interference with business relations and
his request to quiet title. See Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993);
Garcia v. Nat’l Eligibility Express, Inc., 4 S.W.3d 887, 889 (Tex. App.—Houston [1st
Dist.] 1999, no pet.).        
          2.       Wrongful Foreclosure
          In his first and second points of error, Kainer argues that because ABMC did
not send the notice of foreclosure sale to his most current address, ABMC failed to
comply with notice requirements of section 51.002(e) of the Property Code and,
therefore, the foreclosure sale must be invalidated as a matter of law. A debtor may
recover damages for common-law wrongful foreclosure only if the mortgagee either
(1) fails to comply with statutory or contractual terms or (2) complies with such terms,
yet takes affirmative action that detrimentally affects the fairness of the foreclosure
process. First State Bank v. Keilman, 851 S.W.2d 914, 921-22 (Tex. App.—Austin
1993, writ denied). In order for the trustee lawfully to undertake a foreclosure on real
property, he or she is required to comply with notice requirements set forth in the deed
of trust and prescribed by law. Nat’l Commerce Bank v. Stiehl, 866 S.W.2d 706, 708
(Tex. App.—Houston [1st Dist.] 1993, no pet.). Section 51.002 of the Property Code
and its predecessors govern the sale of real property under a contract lien. See Tex.
Prop. Code Ann. § 51.002. The version of section 51.002 that applied at the time of
the foreclosure sale


 provided in part:
(b) Notice of the sale, which must include a statement of
the earliest time at which the sale will begin, must be
given at least 21 days before the date of the sale:
                    . . .
 
(3) by the holder of the debt to which the
power of sale is related serving written
notice of the sale by certified mail on
each debtor who, according to the
records of the holder of the debt, is
obligated to pay the debt.
                    . . . 
 
(e) Service of notice under this section by certified mail
is complete when the notice is deposited in the
United States mail, postage prepaid and addressed to
the debtor at the debtor’s last known address as
shown by the records of the holder of the debt. The
affidavit of a person knowledgeable of the facts to
the effect that service was completed is prima facie
evidence of service.
 
Act of June 17, 1987, 70th Leg., R.S., ch. 540, § 1, 1987 Tex. Gen. Laws 2174, 2174
(amended 2003) (updating text in what is current subsection (e)) (current version at
Tex. Prop. Code Ann. § 51.002(e) (Vernon Supp. 2005)); Act of April 28, 1993, 73d
Leg., R.S., ch. 49, § 5, 1993 Tex. Gen. Laws 98, 98-99 (amended 2005) (updating text
in what is current subsection (b)) (current version at Tex. Prop. Code Ann. §
51.002(b) (Vernon Supp. 2005)). The purpose of the statute is to provide a minimum
level of protection for the debtor, and the statute provides this by calling for only
constructive notice of the foreclosure. Onwuteaka v. Cohen, 846 S.W.2d 889, 892
(Tex. App.—Houston [1st Dist.] 1993, writ denied). There was no requirement that
Kainer actually receive the notice. See Martinez v. Beasley, 616 S.W.2d 689, 690
(Tex. App.—Corpus Christi 1981, no writ).
          To establish a violation of the statute as it was written at the time of the events
underlying this suit, it had to be shown that the holder of the debt had in its records the
most recent address of the debtor and failed to mail a notice by certified mail to that
address. See Onwuteaka, 846 S.W.2d at 892. Section 3.3 of the deed of trust provided
in part:
Service of such [foreclosure sale] notice shall be completed
upon deposit of the notice, enclosed in a postpaid wrapper,
properly addressed to such debtor at said debtor’s most
recent address as shown by the records of the Beneficiary,
in a post office or official depository under the care and
custody of the United States Postal Service. . . . Grantor
agrees that no notice of any sale other than as set out in this
paragraph need be given by Trustee, Beneficiary, or any
other person. Grantor designates as Grantor’s address for
the purposes of such notice, the address set out below, and
each other debtor, if any obligated to pay the indebtedness
address that such address shall likewise constitute such
other debtor’s address for such notice, unless a different
address is designated by such other debtor; no change of
such address or designation of a different address shall be
binding on Beneficiary until thirty (30) days after
Beneficiary has received notice of such change sent to
Beneficiary by certified mail postage prepaid, return receipt
requested, addressed to Beneficiary at the address for
Beneficiary at the address for Beneficiary set out herein)or
such other address as Beneficiary may have designated by
notice given as above provided to Grantor and such other
debtors). . . . 
 
          As the movant, ABMC had to establish conclusively that it sent the notice by
certified mail to the address that Kainer had given pursuant to the deed of trust. The
summary judgment evidence showed that the notices of sale were sent by certified
mail to the foreclosed property address and to the Richmond address, Kainer’s last
known address as reflected in the records of ABMC. A copy of the notice of substitute
trustee sale for the foreclosed property was attached to ABMC’s motion for summary
judgment. Mekhail, the president of ABMC, averred in his affidavit that all notices
were sent to these two addresses, which were the last known addresses in the records
of the previous note holder, Union Planters. Lloyd Bolton, a vice president of Union
Planters, also averred that the only addresses that Union Planters had for Kainer were
the foreclosed property address and the Richmond address. Kainer conceded, in his
affidavit filed in response to Union Planters’s motion for summary judgment and in
his brief on appeal, that he did not notify Union Planters of his change of address by
certified mail, as required by the deed of trust. Cf. Houston First Am. Sav. v. Musick,
650 S.W.2d 764, 767 (Tex. 1983) (holding that assertions of fact in live pleadings, not
pleaded in alternative, are formal judicial admissions); see also Manahan v. Meyer,
862 S.W.2d 130, 133 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (holding that
summary judgment may be rendered on pleadings when they contain judicial
admissions). The uncontroverted summary judgment evidence showed that ABMC
sent the notice to Kainer’s last known address, as shown by its records, by certified
mail and that ABMC acted in conformity with section 3.3 of the deed of trust in
having done so.
          Nevertheless, Kainer argues that his new business address should have been
used. As the non-movant, he had to produce controverting evidence raising a fact
issue as to notice once ABMC had carried its summary judgment burden. See Owen
Elec. Supply Inc., 821 S.W.2d at 286. To prove that ABMC had his most recent
business address, Kainer filed his own affidavit and a copy of an envelope from Union
Planters addressed to his updated address. In his affidavit, Kainer averred that he had
delivered the change of address to Union Planters in person and by telephone.  
          Kainer contends that he provided notice in a reasonable manner under section
51.0021 of the Property Code. Current section 51.0021 of the Property Code provides
that “[a] debtor shall inform the mortgage servicer of the debt in a reasonable manner
of any change of address of the debtor for the purposes of providing notice to the
debtor under Section 51.002.” Tex. Prop. Code Ann. § 51.0021) (Vernon Supp.
2005). However, that section of the Property Code is not applicable to this case
because it did not become effective until January 1, 2004, after the foreclosure sale
had occurred. Act of June 20, 2003, 78th Leg., R.S., ch. 554, § 1, 2003 Tex. Gen.
Laws 1897, 1898 (amended 2003) (enacting section 51.0021) (current version at Tex.
Prop. Code Ann. § 51.0021 (Vernon Supp. 2005)). 
          Kainer also cites to Lido International, Inc. v. Lambeth, 611 S.W.2d 622, 624
(Tex. 1981), in which summary judgment was reversed because a fact issue existed as
to whether the lender had properly sent notice to the debtor’s most recent mailing
address. The Texas Supreme Court concluded that a debtor’s claim that he had
furnished the note-holder with a more recent address raised a fact question sufficient
to preclude summary judgment. Id. Lido is not on point because, in that case, there
was no evidence of any contractually agreed method for providing change of address
to the lender. By contrast, here, the record shows that a deed of trust provided a
contractually agreed method for Kainer to change his address, which method he
concedes was not followed. This mortgage is governed by the same rules of
interpretation that apply to contracts generally. See Sonny Arnold, Inc. v. Sentry Sav.
Ass’n, 633 S.W.2d 811, 815 (Tex. 1982). Thus, the terms of the parties’ deed of trust
must be read as written. See Slaughter v. Qualls, 162 S.W.2d 671, 675 (Tex. 1942);
Lawson v. Gibbs, 591 S.W.2d 292, 294 (Tex. Civ. App.—Houston [14th Dist.] 1979,
writ ref’d n.r.e.). Kainer’s evidence did not raise a fact issue as to whether notice was
sent to his last known address because Kainer did not provide ABMC, the holder of
the debt, or its contractual predecessor, Union Planters, his change of address by
certified mail, as required by the deed of trust.
          In any event, Kainer did not state in his affidavit that he had never received
actual notice or written notice by certified mail from ABMC. The affidavit also did
not state facts pertaining to the statutory requirements, i.e., whether the debt holder’s
records contain the last-known address of Kainer and whether ABMC had sent the
notice to Kainer by certified mail. See Onwuteaka, 846 S.W.2d at 892. 
Non-compliance with these two requirements must be shown to establish lack of
notice. Id. Thus, Kainer did not produce a scintilla of competent summary judgment
evidence to raise a fact issue regarding whether ABMC complied with the notice
requirements pertaining to a trustee’s sale. See id. We hold that the trial court did not
err in granting summary judgment in favor of ABMC on Kainer’s wrongful
foreclosure cause of action.
          3.       Recovery of Surplus Sale Proceeds
          In his first point of error, Kainer also argues that there is a fact issue regarding
whether excess proceeds from the foreclosure sale existed. ABMC argues that there
is no excess from the foreclosure sale when attorneys’ fees are reimbursed, as provided
for in the deed of trust,


 because (1) the agreement for assignment of note and lien
between Union Planters and ABMC stated that the unpaid balance was $83,539.53 and
(2) ABMC’s attorneys’ fees totaled $9,400, exceeding the $84,582.00 sales price. 
However, that portion of the agreement of assignment of note and lien between Union
Planters and ABMC was not part of the summary judgment evidence before the trial
court and is not part of the record on appeal. See Tex. R. Civ. P. 166a(c). Further,
ABMC’s summary judgment evidence of attorneys’ fees proved the cost of defending
this suit against Kainer, not the cost of collecting on the note or of the foreclosure sale.
          In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true. See Johnson
Co. Sheriff’s Posse, 926 S.W.2d at 285. Every reasonable inference must be indulged
in favor of the non-movant, and any doubts must be resolved in its favor. Nixon, 690
S.W.2d at 548-49. Kainer’s summary judgment evidence consisted of his affidavit,
which stated that he calculated the pay-off, after offsets and payments, to have been
$72,939.79. ABMC’s summary judgment evidence consisted of Mekhail’s affidavit,
which stated that the amount due at the time of the foreclosure posting was $86,689.86
and that the notice-of-foreclosure letter mailed to Kainer stated that the amount owed
was $86,689.86. Neither Kainer’s affidavit, Mekhail’s affidavit, nor the notice of
foreclosure sale are supported by documents that explain the calculation of such
amounts. Here, the two conflicting affidavits reciting different amounts owed raises
a fact issue on the amount owed and precludes summary judgment. See Kelly v.
Galveston Co., 520 S.W.2d 507, 515 (Tex. Civ. App.—Houston [14th Dist.] 1975, no
writ) (holding that mere swearing match between parties, as reflected by their
conflicting affidavits, will not be sufficient to sustain motion for summary judgment
because summary judgment proceeding is not designed to weigh credibility of
witnesses). Given this conflict, ABMC has not established, as a matter of law, that no
surplus was owed. We thus hold that the trial court erred to the extent that it rendered
summary judgment on Kainer’s claim to excess foreclosure-sale proceeds.  C.Union Planters
          Kainer does not challenge on appeal the 166a(c) summary judgment rendered
on the basis that Union Planters did not owe him a fiduciary duty because there was
no special relationship. Neither does Kainer attack on appeal Union Planters’s 
166a(i) summary judgment motion’s grounds that (1) Union Planters owed him no
legal duty other than the duty that it owed him under the contract; (2) Union Planters
had no fiduciary duty to Kainer; and (3) Union Planters had not breached a fiduciary
duty. We therefore affirm summary judgment rendered against Kainer’s negligence
and breach-of-fiduciary-duty claims against Union Planters. See Walling, 863 S.W.2d
at 58; Garcia, 4 S.W.3d at 889. 
D.      Disposition of Points of Error
          We overrule point of error two in its entirety. We sustain that portion of point
of error one in which Kainer challenges the rendition of summary judgment on his
claim to excess foreclosure-sale proceeds. We overrule point of error one in all other
respects. Conclusion
          We affirm the summary judgment in all respects except to the extent that it was
rendered against Kainer’s claim to excess proceeds of the foreclosure sale, to which
extent we reverse the judgment. We remand the cause.
                                                             
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Higley, and Bland.