Joe MARTINEZ, Jr. and wife, Guadalupe Martinez, Appellants,

v.

Dellon F. BEASLEY, Appellee.

No. 1763.

Court of Civil Appeals of Texas, Corpus Christi.

May 7, 1981.

See also, Tex.Civ.App., 572 S.W.2d 83.

John R. Haas, Haas & DePena, Corpus Christi, for appellants.

Paul E. Montgomery, Law Offices of Robert E. Haegelin, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This appeal raises the question of the adequacy of notice to the debtors of the intent to foreclose before a foreclosure sale. Appellants, Joe Martinez, Jr., et ux., brought suit to set aside the trustee's sale of their residence on the theory that one certified letter addressed to "Mr. & Mrs. Joe Martinez, Jr." did not give sufficient notice to "... each debtor obligated to pay such debt ..." of the sale under Tex.Rev. Civ.Stat.Ann. art. 3810 (1980). The trial court denied all relief prayed for by the appellants. We affirm.

The only issue before us is whether one certified letter addressed and mailed to both the husband and wife at the same address complies with the notice requirements of article 3810, which provides in part as follows:

"... (T)he holder of the debt to which the power [of sale] is related shall at least 21 days preceding the date of sale serve written notice of the proposed sale by certified mail on *each* debtor obligated to pay such debt according to the records of such holder. Service of such notice shall be completed upon deposit of the notice, enclosed in a postpaid wrapper, properly addressed to such debtor at the most recent address as shown by the records of the holder of the debt, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service...." (Emphasis supplied.)

On appeal the appellants do not question compliance by the appellee with any provision of article 3810 other than the number of letters that were sent. Simply, the appellants maintain that Mr. and Mrs. Martinez were each a debtor and that a separate letter should have been addressed and mailed to each. We disagree.

In *Hausmann v. Tex. Sav. & Loan Ass'n.*, 585 S.W.2d 796 (Tex.Civ.App.—El Paso 1979, writ ref'd n. r. e.) the El Paso Court was faced with the same argument that appellants make here about one letter addressed to both husband and wife at their home address. They held that one letter addressed to both Mr. and Mrs. Hausmann at their home address where they both resided met the statutory requirements of notice under article 3810. We agree with that holding.

Therefore, we hold that whether it was actually received or not the one certified letter addressed and mailed to Mr. and Mrs. Joe Martinez, Jr. at their address where they actually resided as husband and wife was sufficient statutory notice of the appellee's intent to foreclose. We have considered all of appellants' points of error and they are all overruled.

The judgment of the trial court is affirmed.

BISSETT, J., not participating.