**Gregg LAMBERT, Appellant,**

v.

**FIRST NATIONAL BANK OF BOWIE, Erwin Davenport, and Glyn D. Darden, Appellees.**

No. 2–98–392–CV.

Court of Appeals of Texas, Fort Worth.

May 13, 1999.

**25.** *Malik,* 953 S.W.2d at 239.

Brian E. Powers, Bowie, for appellant.

J. Keaton Grubbs, Wichita Falls, Donohoe, Jameson & Carroll, P.C., G. Roland Love, Jeffrey L. Crouch, Dallas, for appellees.

Panel B: LIVINGSTON, BRIGHAM, and HOLMAN, JJ.

## OPINION

WILLIAM BRIGHAM, Justice.

In this appeal we are asked to decide whether a bank's prior permissive relationship with a debtor requires that the bank do something other than what is statutorily required to inform the debtor that payment is demanded. We hold that such a relationship does not impose an additional duty on the bank.

Appellant Gregg Lambert sought financing from Appellee First National Bank of Bowie when he wanted to build a house on a 10–acre tract he owned. In March 1986, Lambert signed a promissory note and a deed of trust in favor of the bank. Lambert's note payments, as he admits in his brief, were "sporadic," but he made re-peated arrangements with the bank to extend the lien. On July 11, 1996 when the note was again in default, the bank appointed Appellee Erwin Davenport to act as the trustee to enforce the deed of trust. Lambert then made one payment on the loan, and no foreclosure took place.

But Lambert soon after failed to make two additional payments on the loan; thus on December 23, 1996, the bank sent Lambert written notice of the past due status and stated that unless Lambert brought the note current, "the Bank will declare the note fully accelerated and thereafter demand payment of the entire balance." This notice was sent to Lambert at his last known address by first-class mail and by certified mail, return receipt requested. The certified mailing was returned to the bank unclaimed, but the first-class mailing was not returned. On February 11, 1997, Davenport, acting as trustee, mailed Lambert written notice of his default and the bank's intent to accelerate the note if Lambert did not cure the default. On March 7, 1997, Davenport sent Lambert notice that the note had been accelerated and that the property would be sold at foreclosure on April 1, 1997. Both these notices were sent to Lambert's last known address by certified and first-class mail. The certified mailings were returned unclaimed, but the first-class mailings were not.

On April 1, 1997, the property was sold at foreclosure to Appellee Glyn Darden for $25,000. The trustee's deed given to Darden stated that Lambert had received proper notice of default and notice of the sale. Darden then sought to have Lambert leave the property, but Lambert refused to leave.

On May 2, 1997, Darden filed a forcible entry and detainer action to get possession of the property.[1] That same day, Lambert filed suit against the bank, Davenport, and Darden, seeking to set aside the foreclosure sale and cancel the trustee's deed. Lambert argued that he "never received

1. Darden's action is stayed, pending the outcome of Lambert's suit.

any notice of the purported intention by [the bank] to accelerate the note, ... any notice that the note had been accelerated, ... or any notice of the posting of the property for foreclosure." The bank, Davenport, and Darden filed motions for summary judgment and requested sanctions against Lambert for filing a frivolous action. The trial court granted the motions and entered final judgment in favor of the bank, Davenport, and Darden. Lambert appeals and argues that

→ the prior relationship between Lambert and the bank resulted in a waiver by the bank of its right to accelerate the note without first giving actual notice to him that strict compliance would be required in the future. This "unique relationship" equates to "equitable circumstances" that, when viewed in conjunction with the "gross inadequacy of [the] sales price," constitute adequate grounds for setting aside the trustee's sale.

→ he was not required to actually tender the amounts due to obtain recission of the trustee's sale.

We review the summary judgment granted in this case under the familiar standard: (1) the movants for summary judgment have the burden of showing that there is no issue of material fact and that they are entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ By statute, the bank was required to (1) notify Lambert by certified mail that the deed of trust was in default and give him at least 20 days to cure and (2) give Lambert at least 21 days' notice of the sale by certified mail. *See* TEX. PROP.CODE ANN. § 51.002(b)(3), (d) (Vernon 1995). Lambert concedes that all of the statutory requirements were met,[2] but argues that his prior relationship with the bank entitles him to some sort of additional notice of the bank's intent to accelerate. We do not agree. The bank assiduously followed the statutory requirements to foreclose on Lambert's property. Nothing further is required. Indeed, Lambert cannot point to any case law, after the effective date of section 51.002, that would impose any additional duty when the statute was complied with.

■ Lambert's argument that the sale should be set aside because there is no evidence that he actually received notice of the bank's intent to accelerate or of the sale is also meritless. "Service of a notice [of trustee sale] by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address as shown by the records of the holder of the debt." *Id.* § 51.002(e). The general purpose of the statute is to provide protection for the debtor, and it provides for only constructive notice of the foreclosure. *See Onwuteaka v. Cohen,* 846 S.W.2d 889, 892 (Tex. App.—Houston [1st Dist.] 1993, writ denied). There is no requirement that the debtor receive actual notice. *See Martinez v. Beasley,* 616 S.W.2d 689, 690 (Tex. Civ.App.—Corpus Christi 1981, no writ). We overrule Lambert's first issue.

■ We also overrule Lambert's second issue. Lambert sought rescission of the sale and offered to tender "all amounts due and owing" under the note and deed of trust. However, he never tendered these amounts to the court. In order to be entitled to recission, Lambert was required to actually tender the amounts due. In other words, to get equity, Lambert

---

**2.** At oral argument, Lambert's counsel stated there was "no question" that there was statutory compliance.

had to do equity. *See Loomis Land & Cattle Co. v. Diversified Mortgage Investors*, 533 S.W.2d 420, 424 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.); *Price v. Reeves*, 91 S.W.2d 862, 865 (Tex.Civ. App.—Fort Worth 1936, writ dism'd).

Having overruled Lambert's issues, we affirm the trial court's judgment.