# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2012

No. 11-41176
Summary Calendar

Lyle W. Cayce
Clerk

WILMER F. TREMBLE and RODA TREMBLE,

Plaintiffs - Appellants

v.

WELLS FARGO HOME MORTGAGE, INC.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-160

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Before the Court is Plaintiffs-Appellants Wilmer Tremble's and Roda Tremble's (the "Trembles") appeal of the district court's grant of summary judgment on their claims of wrongful foreclosure by their mortgage lender, Defendant-Appellee Wells Fargo Home Mortgage, Inc. ("Wells Fargo"). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41176

## FACTUAL AND PROCEDURAL BACKGROUND

On November 6, 2002, the Trembles obtained a mortgage from Wells Fargo for property located at 3615 Sheldon Drive, Pearland, Texas 77584 (the "Property"). Since that time, the Trembles repeatedly defaulted on their mortgage, received numerous notices of default and intents to accelerate, and sought and received two modifications. Nevertheless, the Trembles entirely ceased making payment on the mortgage in November 2008. On April 26, 2009, Wells Fargo again notified the Trembles of their default and began a foreclosure on the Property. In response, the Trembles requested a third modification, which Wells Fargo denied. The Trembles then filed for bankruptcy, postponing foreclosure. After the Trembles' bankruptcy proceeding was dismissed, Wells Fargo notified the Trembles on March 9, 2010 that the Property would be sold on April 6, 2010. Accordingly, the Property was sold to Federal Home Mortgage Corporation, and, on April 8, 2010, Wells Fargo notified the Trembles of the sale and began an eviction process. The Trembles again filed for bankruptcy, delaying their eviction, and the bankruptcy was once again dismissed. Thereafter, the Trembles filed the instant suit against Wells Fargo. On July 20, 2011, the district court granted Wells Fargo's motion for summary judgment, dismissing the Trembles' claims with prejudice. The Trembles then filed this timely appeal.

## STANDARD OF REVIEW

"We review a grant of summary judgment *de novo*, applying the same legal standard as the district court." *Croft v. Governor of Tex.*, 562 F.3d 735, 742 (5th Cir. 2009) (internal quotation marks omitted). Summary judgment should be rendered if the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue is material if its resolution could affect the outcome of the action." *Daniels v. Cty. of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir.

2

No. 11-41176

2001). "In deciding whether a fact issue has been created, the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* This Court may affirm summary judgment "on any grounds supported by the record." *Lifecare Hosps., Inc. v. Health Plus of La., Inc.*, 418 F.3d 436, 439 (5th Cir. 2005). We construe a pro se appellant's briefs liberally. *See Yoshey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (internal quotation marks omitted).

## ANALYSIS

The Trembles argue that Wells Fargo could not foreclose on the Property because the parties' prior course of dealing, consisting of the Trembles' persistent failure to make timely payments and Wells Fargo's failure to evict them from the Property, altered the terms of their mortgage. The Trembles argue that Wells Fargo was required to notify them that the bank demanded strict compliance with the mortgage before it could seek to foreclose on the Property. We find the Trembles' arguments unavailing.

First, the Trembles argue that the UCC allows for modification of an agreement based on the parties' course of dealing. Texas incorporated the UCC under title 1 of the Texas Business and Commercial Code.[1] *See* TEX. BUS. & COM. CODE ANN. § 1.101. The UCC, however, does not govern the mortgage, a lien on real property. *See* TEX. BUS. & COM. CODE ANN. § 9.109(d)(11) (excluding "interest in or lien on real property"); *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App. –San Antonio 1998, no pet. h.) ("Because the Deed of Trust places a lien on *real* property, it is not governed by the UCC.").

Second, the Trembles argue promissory estoppel prevents foreclosure, construing Wells Fargo's acceptance of late payments as a promise to continue to accept such late payments, if any payment at all. Nonetheless, "[f]or many

---

[1] The parties do not dispute that Texas law governs this action.

No. 11-41176

years, Texas courts have held that promissory estoppel becomes available to a claimant only in the *absence* of a valid and enforceable contract." *Doctors Hosp. 1997, L.P. v. Sambuca Houston, L.P.*, 154 S.W.3d 634, 636 (Tex. App. – Houston [14th Dist.] 2004, pet. abated) (collecting cases).  The Trembles do not dispute that the mortgage is such a valid enforceable contract, or that the mortgage expressly provides that Wells Fargo does not waive its right to declare a default by accepting late or partial payments.

To the extent the Trembles appeal to any other form of Texas common law, Texas has rejected the argument that a bank's prior permissive relationship with a mortgagor creates any duty to provide notice beyond that required by statute.  *See Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App. – Fort Worth 1999, pet. denied).  As the district court found, and which finding the Trembles do not appeal, Wells Fargo complied with Texas's statutory notice requirements.

Accordingly, as Wells Fargo demonstrates that there exists no genuine dispute as to any material fact and that it is entitled to judgement as a matter of law, we find the district court did not err in granting summary  judgment.

## CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.  The Clerk is directed to issue the mandate instanter.