**AFFIRMED and Opinion Filed July 7, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-21-00180-CV
_____

## BAPA BROOKLYN 2004, LLC AND JONATHAN BLOUNT, Appellants
## V.
## MICHAEL A. AND MARIA D. TWIEHAUS REVOCABLE LIVING TRUST, Appellee

### On Appeal from the 116th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-19-11504

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Smith
Opinion by Justice Smith

This appeal is from a final judgment involving a suit for wrongful foreclosure and other related claims. Appellants BAPA Brooklyn 2004, LLC and Jonathan Blount, collectively referred to as appellants, argue the trial court erred by granting a traditional and no-evidence summary judgment on their wrongful foreclosure claim. Because appellants failed to bring forth more than a scintilla of evidence supporting the elements of their cause of action, we affirm the trial court's judgment.

## Background

On August 12, 2019, appellants filed suit alleging that they owned property located at 5405 Dolphin Road in Dallas, Texas and that appellee wrongfully sold the property in a foreclosure. Appellants asserted the property sold below market value, and proper notices were not posted on the Dallas County courthouse. They alleged causes of action for (1) wrongful foreclosure, (2) determination of the fair market value of the property, (3) suit to set aside the foreclosure sale, and (4) a declaratory judgment. Appellee filed its original answer and asserted the affirmative defenses of lack of standing and failure to satisfy the condition precedent of providing tender of the entire debt due to invalidate the foreclosure sale.

Appellee subsequently filed a traditional and no-evidence motion for partial summary judgment. It challenged all four causes of action on various grounds. Appellants filed a response and attached the unverified declaration of Jonathan Blount, a managing member of BAPA, in which he stated the property could have sold for $1.9 million. He further stated proper notices were not posted on the Dallas County courthouse; therefore, the foreclosure was a nullity.

On February 28, 2020, the trial court granted appellee's traditional and no-evidence motion for partial summary judgment as to appellants' wrongful foreclosure and suit to determine fair market value. The court reserved appellee's claim for attorney's fees for a later hearing.

The court held a hearing on December 12, 2020 regarding attorney's fees. A final judgment was entered incorporating the prior order granting the traditional and no-evidence motion for partial summary judgment and awarded appellee $19,206.46 in attorney's fees. Appellants filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## No-Evidence Summary Judgment

We review summary judgment orders de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When, as here, a defendant moves for both traditional and no-evidence summary judgment and the trial court grants summary judgment without stating its grounds, we first review the trial court's decision as to the no-evidence motion for summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

The trial court may grant a no-evidence motion for summary judgment unless the nonmovant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the elements challenged by the motion. *Id.* More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* at 601. In determining whether the nonmovant has produced more than a scintilla of evidence, we view the evidence in the light most favorable to the nonmovant and disregard all contrary

–3–

evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

Appellants argue the trial court erred by granting summary judgment on their wrongful foreclosure claim because the substitute trustee's deed, along with Blount's declaration, raised a fact issue, and appellee presented no evidence of appellants' failure to tender debt. Appellee responds it was not its burden to prove tender, and appellants failed to offer more than a scintilla of evidence supporting the elements of wrongful foreclosure.

The elements of a wrongful foreclosure are (1) defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *See Caballero v. Rushmore Loan Mgmt. Servs. LLC*, No. 05-19-00298-CV, 2020 WL 1685418, at *3 (Tex. App.—Dallas Apr. 7, 2020, no pet.) (mem. op.). Appellants attached to their summary judgment response the unverified declaration of Blount. He stated, in part, that proper notices of the sale were not posted at the Dallas County courthouse, and he "believed as the managing member [of BAPA]" that the fair market value of the property was $1.9 million. To the extent these statements may have satisfied the first two elements of a wrongful foreclosure, his declaration failed to address the third element of a causal connection between the defect and the alleged grossly inadequate selling price. Because appellants produced no evidence to support at least one element of their cause of action for wrongful foreclosure, the trial court did

not err by granting appellee's no-evidence motion for partial summary judgment on this cause of action. *See Protegga, LLC v. RMB Brandywine Place, Ltd.*, No. 05-16-00957-CV, 2017 WL 1908635, at *3 (Tex. App.—Dallas May 10, 2017, no pet.) (mem. op.).

Even if appellants had produced sufficient evidence on each element of their wrongful foreclosure claim, they would not survive summary judgment because they failed to meet the condition precedent of a valid tender. When a party seeks to set aside or cancel a foreclosure sale, the mortgagor must tender the amounts due and owing under the note and deed of trust. *See Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835–36 (Tex. App.—Fort Worth 1999, pet. denied); *see also Lyons v. America's Wholesale Lender*, No. 3:13-CV-2608-B, 2014 WL 5460453, *12 (N.D.Tex. Oct. 28, 2014) (granting summary judgment when plaintiff failed to bring forth evidence it tendered the amount due and owing under note and deed of trust). One who seeks equity must do equity. *See, e.g.*, *Galvan v. Centex Home Equity Co., L.L.C.*, No. 04-06-00820-CV, 2008 WL 441773, at *4 (Tex. App.—San Antonio Feb. 20, 2008, no pet.) (mem. op.) ("Setting aside a trustee sale is an equitable remedy which requires the mortgagor to make a valid tender of the amount due to receive equity."). Appellants failed to provide any evidence they tendered the amount due and owing on the loan; therefore, they were not entitled to a recission of the foreclosure.

To the extent appellants argue the trial court improperly granted partial summary judgment on their "suit to set aside the foreclosure sale," this cause of action is duplicative of their wrongful foreclosure claim, which the trial court properly granted. *See, e.g.*, *Fenimore v. Gonzales Cty. Sav. & Loan Ass'n*, 650 S.W.2d 213, 214 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.) (using "suit to set aside foreclosure" and "wrongful foreclosure" interchangeably). Having concluded the trial court properly granted the no-evidence summary judgment, we need not consider whether summary judgment was appropriate as a matter of law. *See Ridgway*, 135 S.W.3d at 600.

## Conclusion

The judgment of the trial court is affirmed.

/Craig Smith/
CRAIG SMITH
JUSTICE

210180F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BAPA BROOKLYN 2004, LLC
AND JONATHAN BLOUNT,
Appellants

No. 05-21-00180-CV     V.

MICHAEL A. AND MARIA D.
TWIEHAUS REVOCABLE LIVING
TRUST, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-11504.
Opinion delivered by Justice Smith.
Justices Schenck and Osborne
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MICHAEL A. AND MARIA D. TWIEHAUS REVOCABLE LIVING TRUST recover its costs of this appeal from appellants BAPA BROOKLYN 2004, LLC AND JONATHAN BLOUNT.

Judgment entered July 7, 2022.